**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

SHANNON WOODS,

      Plaintiff,

CIVIL ACTION NO._____

HON. _____

-vs-

MICHIGAN DEPARTMENT OF CORRECTIONS;
RYAN JOHNSON; and MONICA BURTON,

      Defendants .

| | |
|---|---|
| James B. Rasor (P43476) | Gary Grant (P76261) |
| Jonathan R. Marko (P72450) | Jeanmarie Miller (P44446) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| **RASOR LAW FIRM, PLLC** | **MICHIGAN DEPARTMENT OF ATTORNEY GENERAL;** |
| 201 E. Fourth Street | **PUBLIC EMPLOYMENT, ELECTIONS** |
| Royal Oak, MI 48067 | **& TORT DIVISION** |
| Phone:  (248) 543.9000 | P.O. Box 30736 |
| Fax:     (248) 543.9050 | Lansing, Michigan 48909 |
| E-mail: jrm@rasorlawfirm.com | (517) 373-6434 |
| | Email: grantg1@michigan.gov |
| | millerj51@michigan.gov |

**COMPLAINT AND JURY REQUEST**

      **NOW COMES** Plaintiff, Shannon Woods, by and through her attorneys, THE RASOR LAW FIRM, PLLC, and for her Complaint and Request for Jury Trial against Defendants, state as follows:

1

## INTRODUCTION

1. This is an action for money damages brought pursuant to Title VII of the Civil Rights Act of 1964, §2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983 for employment discrimination.

2. This Court has jurisdiction as a result of the damages sustained by the plaintiff and the amount in controversy in this case is well in excess of this court's jurisdictional threshold.

3. This lawsuit arises out of events occurring within the City of Detroit, County of Wayne, State of Michigan

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because (1) defendants reside and have offices within the district, (2) plaintiff resides in this district, and, (3) the events giving rise to plaintiff's claims occurred, in this district.

## PARTIES

5. Plaintiff Shannon Woods (hereinafter Ms. Woods) is a female citizen and resident of Southfield, Michigan, in the Eastern District of Michigan.

6. Defendant Michigan Department of Corrections (hereinafter "MDOC") is a governmental body of the State of Michigan, created pursuant to the laws of the State of Michigan, which, at all relevant times, employed plaintiff in Van Buren, Michigan. The MDOC has been plagued with accusations of sexual harassment, race discrimination, ineffectiveness and unsafe conditions.

7. Ryan Johnson and Monica Burton were, at all times relevant, employees of the MDOC and upon information and belief are employees of the State of Michigan.

2

**COMMON FACTUAL ALLEGATIONS**

8. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. In April 2011, Ms. Woods was offered a position with the Michigan Department of Corrections, Lawton Parole Office, as a parole agent.

10. Plaintiff was subjected to a sexually hostile work environment by co-worker Ryan Johnson.

11. Upon Plaintiff's hire, Ryan Johnson began to have inappropriate contact with her including asking her incessantly to go to lunch, dinner, and drinks. Ms. Wood refused.

12. Ryan Johnson would rub Ms. Wood's shoulder at work in a sexual manner;

13. Mr. Johnson assaulted Ms. Wood by forcibly kissing her at work;

14. Mr. Johnson would come to Ms. Wood's desk and sit on her desk with his genitals bulging through his crotch and near her;

15. Mr. Johnson would "pet" Ms. Wood.

16. In November 2013, Mr. Johnson took out his penis and placed it on top of a wine bottle, took a picture of it, and then texted it to Ms. Wood and asked her "did she like the picture."

17. Mr. Johnson would show pictures of women's breasts on his phone around the office;

3

18. Mr. Johnson showed his penis to other women at the office, quipping "would you like a bottle of wine."

19. The MDOC was on notice regarding Mr. Johnson and his propensity for this type of behavior. Approximately five years ago, Mr. Johnson exposed his penis to coworkers in a car on the way back from an MDOC training. There have been several complaints against him. However, due to his status as union steward, and with "friends in high places," the MDOC has failed to take any concrete action against him or to protect its female employees from this known predator.

20. Plaintiff reported Mr. Johnson's misconduct to MDOC officials. First, she reported his actions verbally to her supervisor, specifically Monica Burton. She was not protected.

21. Plaintiff filed a formal discriminatory harassment complaint. The MDOC still did not taken formal action; and, Mr. Johnson went to Plaintiff's office since the incident.

22. Since Plaintiff complained, she has been retaliated against by the MDOC, including being subjected a hostile work environment.

23. Plaintiff was accused of having sex with Mr. Johnson by co-workers. This accusation is blatantly untrue.

24. Plaintiff was refused transfers to another office where she could escape the predator.

25. Plaintiff was ostracized by the MDOC, including being called a "snitch" for reporting her sexual assault and harassment;

4

26. Plaintiff's doctors have indicated it would be unsafe for her to return to work.

27. As a result of defendants' actions, plaintiff has suffered and will continue to suffer, including but not limited to:

   a. Emotional distress;
   b. Loss of personal freedom and liberty;
   c. Pain and suffering;
   d. Fright and shock;
   e. Horror, outrage and indignity;
   f. Economic damages including lost wages and/or loss of earning capacity;
   g. All other damages allowed under the law;
   h. Punitive damages.

**WHERFORE**, plaintiff requests that this court enter judgment against defendants in whatever amount she may be found to be entitled, together with interest, costs, reasonable attorney fees, and such other relief as the court deems just under the circumstances.

### COUNT I

### VIOLATION OF TITLE VII, § 1981 AND §1983 PROHIBITION AGAINST EMPLOYMENT DISCRIMINATION

*Disparate Treatment*

28. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the Defendant MDOC.

5

30. Specifically, Ms. Woods complains of Defendant MDOC violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender and/or sex.

31. During her employment with MDOC at Lawton Parole Office, Ms. Woods was a protected under Title VII against gender and/or sex-based discrimination by her employer, Defendant MDOC.

32. Ms. Woods was therefore treated in a disparate manner and was subjected to defendant's unfair policies and practices insofar as that she was treated in an unequal manner and unlike male employees similarly situated with the defendant.

33. Defendant MDOC, further denied Ms. Woods equal employment opportunities because of her gender, i.e. female.

   a. The Defendant did not discipline or discharge similarly situated male employees;

   b. Ms. Woods had consistently satisfied and or/exceeded all the requirements of the position;

   c. As a result of Defendant MDOC's employment policies, procedures and practices, Ms. Woods was unjustly and discriminatorily deprived of equal employment opportunities because of her gender, female.

34. The above named Defendants' conduct was a direct and proximate cause of the injuries, damages and harm suffered by Ms. Woods.

35. Furthermore, Defendant MDOC intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against Ms. Woods, contrary to Ms. Woods' federally protected rights as guaranteed to her under Title VII of

6

the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, and 42 U.S.C.§1981.

**WHERFORE**, plaintiff requests that this court enter judgment against defendants in whatever amount she may be found to be entitled, together with interest, costs, reasonable attorney fees, and such other relief as the court deems just under the circumstances.

## COUNT II

### VIOLATION OF TITLE VII, 1981AND 1983 PROHIBITION AGAINST EMPLOYMENT DISCRIMINATION

*Hostile Work Environment*

36. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the Defendant MDOC.

38. Specifically, Ms. Woods complains of Defendant MDOC violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender and/or sex.

39. During her employment with MDOC at Lawton Parole Office, Ms. Woods was a protected under Title VII against gender and/or sex-based discrimination by her employer, Defendant MDOC.

40. Mr. Johnson was not terminated or reprimanded for his infractions of MDOC policy.

7

41. Ms. Woods was therefore treated in a disparate manner and was subjected to defendant's unfair policies and practices insofar as that she was treated in an unequal manner and unlike male employees similarly situated with the defendant.

42. The unwelcome conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

43. Defendant MDOC, further denied Ms. Woods equal employment opportunities because of her gender, i.e. female.

   a. The Defendant did not discipline or discharge similarly situated male employees;

   b. Ms. Woods had consistently satisfied and or/exceeded all the requirements of the position;

   c. As a result of Defendant MDOC's employment policies, procedures and practices, Ms. Woods was unjustly and discriminatorily deprived of equal employment opportunities because of her gender, female.

44. The above named Defendants' conduct was a direct and proximate cause of the injuries, damages and harm suffered by Ms. Woods.

45. Furthermore, Defendant MDOC intentionally and/or with reckless indifference, engaged in the above stated discriminatory practices against Ms. Woods, contrary to Ms. Woods' federally protected rights as guaranteed to her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, and 42 U.S.C.§1981.

**WHERFORE**, Plaintiff requests that this court enter judgment against defendants in whatever amount she may be found to be entitled, together with interest, costs, reasonable attorney fees, and such other relief as the court deems just under the circumstances.

Respectfully submitted,

/s/ Jonathan R. Marko

_____
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**THE RASOR LAW FIRM, PLLC**
201 East Fourth Street
Royal Oak, Michigan 48067

Dated: January 24, 2015        (248) 543-9000

## JURY DEMAND

**NOW COMES**, Plaintiff Shannon Woods, by and through her attorneys, THE RASOR LAW FIRM PLLC, and hereby demands a trial by jury.

Respectfully submitted,

/s/ Jonathan R. Marko

_____
Jonathan R. Marko (P72450)
Attorney for Plaintiff
**THE RASOR LAW FIRM, PLLC**
201 East Fourth Street
Royal Oak, Michigan 48067

Dated: January 24, 2015        (248) 543-9000