UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



SHANNON WOODS,

      Plaintiff,

vs.

                                        Case No. 15-10324

MICHIGAN DEPARTMENT OF                      HON. AVERN COHN
CORRECTIONS, RYAN JOHNSON,
and MONICA BURTON,

      Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL

### I. Introduction

This is an employment discrimination case under Title VII, 42 U.S.C. §2000e and 42 U.S.C. §§ 1981 and 1983. Plaintiff is a former employee of the Michigan Department of Corrections (MDOC). She is suing the MDOC and two of its employees, Ryan Johnson and Monica Burton, essentially asserting she was subjected to sex discrimination and a hostile work environment. The complaint is in two counts, each count claiming violations of Title VII and §§ 1981 and 1983. Count I is subtitled "disparate treatment" and Count II is subtitled "hostile work environment."

On April 30, 2015, the Court held a status conference with the parties at which it discussed plaintiff's claims. The Court indicated that some of plaintiff's claims were not viable, particularly as to the MDOC. The Court gave plaintiff ten (10) days in which to advise as to what claims she believed were viable or the Court would enter an order of dismissal. Plaintiff has not responded. As such, for the reasons stated above, the

following claims will be dismissed.

## II. Discussion

### A. § 1983 claims

The Eleventh Amendment bars civil rights actions against a state and its departments for money damages unless the state has waived its immunity and consented to suit. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court, Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated state sovereign immunity in civil rights actions. Hutsell v. Sayre, 5 F.3d 996, 999 (6th Cir.1993). Finally, because sovereign immunity extends to "state instrumentalities," Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), and the MDOC is "an arm of the State of Michigan," the MDOC is entitled to sovereign immunity on plaintiff's § 1983 claim. McCoy v. Michigan, 369 F. App'x 646, 653 (6th Cir. 2010). As such, plaintiff's claim against the MDOC under § 1983 is DISMISSED.

Moreover, to the extent plaintiff is suing the individual defendants in their official capacities,[1] these claims are also DISMISSED as barred by the Eleventh Amendment. "Individuals sued in their official capacities stand in the shoes of the entity they represent." Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003).

### B. § 1981

Plaintiff's claims under § 1981 against the MDOC and the individual defendants

---

[1]The complaint does not specifically allege in what capacity the individual defendants are being sued.

in their official capacities is also barred by the Eleventh Amendment.  It is well-settled that a plaintiff is precluded from directly suing a State in federal court on these claims. Johnson v. University of Cincinnati, 215 F.3d 561 (6th Cir.2000).. Moreover, the Supreme Court held in Jett v. Dallas Independent School District, 491 U.S. 701, 735 (1989), that Congress intended § 1983 to provide the exclusive remedy for the violation of rights guaranteed by § 1981 when the alleged violator is a local government.  Thus, plaintiff's § 1981 claim against the MDOC and the individuals in their official capacities is DISMISSED.

Moreover, in McCormick v. Miami University, 693 F.3d 654, 661 (6th Cir. 2012), the Sixth Circuit interpreted Jett to apply to suits against state actors sued in their individual capacity.  Thus, to the extent plaintiff is suing the individual defendants in their individual capacities under § 1981, this claim is DISMISSED.

Overall, plaintiff's § 1981 claim is DISMISSED in its entirety as to all defendants.

### C.  Title VII

Title VII is directed at employers.  A Title VII claim may be brought against the MDOC and individuals in their official capacities.  See Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 2266–68 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456(1976) (finding that Congress abrogated the States' sovereign immunity by enacting Title VII under the Enforcement Clause, § 5, of the Fourteenth Amendment); McCoy v. Michigan, No. 08–1641, 2010 U.S.App. LEXIS 5283, at *22, 2010 WL 841198 (6th Cir. March 12, 2010).

However, individuals cannot be held personally liable if they are not employers. See Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir.1997) ("[A]n individual

3

employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."). Thus, to the extent that plaintiff asserts a Title VII claim against the individuals in their individual capacities, it is DISMISSED.

### IV.  Conclusion

The following claims continue in this case.

Plaintiff's Title VII claim against the MDOC and the individual defendants in their official capacities.

Plaintiff's § 1983 claim against the individual defendants in their individual capacities.

SO ORDERED.

AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  5/20/15
          Detroit, Michigan

4