UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON WOODS,

    Plaintiff,

v.                                                                                                     Case No. 15-10324

MICHIGAN DEPARTMENT OF                           HON. AVERN COHN
CORRECTIONS, RYAN JOHNSON,
and MONICA BURTON,

    DefendantS.
_____/

**MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEYS AND LAW FIRM**

**I.    INTRODUCTION**

This is an employment discrimination case under Title VII, 42 U.S.C. §2000e and 42 U.S.C. §§1981 and 1983. Plaintiff Shannon Woods (Woods) is suing the Michigan Department of Corrections (MDOC) and two of its employees, Ryan Johnson (Johnson) and Monica Swain (Swain)[1], asserting she was subjected to sex discrimination and a hostile work environment. Woods filed two complaints based on employment discrimination, one in state and one in federal court. The only difference between the federal and state complaints is that Woods is suing the MDOC as well as Johnson and Swain in federal court while the MDOC is the sole defendant in state court. Swain is a key witness in the state court case. The state court case was filed on September 18, 2014. The federal case was filed on January 24, 2015.

---

[1] Collectively "MDOC" where appropriate. Note that Monica Swain's married name was Monica Burton. She currently identifies herself as Monica Swain.

1

Now before the Court is the MDOC's motion to disqualify Woods' attorneys, James B. Rasor (Rasor) and Jonathon Marko (Marko), and their law firm, Rasor Law Firm,[2] on the basis of a conflict of interest pursuant to MRPC 1.7(a), because the Rasor Law Firm for a time simultaneously represented Swain in an automobile injury case and Woods in her cases against the MDOC. A similar motion to disqualify the Rasor Law Firm was brought in the state court case. Following an extensive hearing on the motion, the state court denied the motion because the MDOC failed to meet its burden in establishing whether a conflict existed.

On September 2, 2015, the Court held a hearing on the motion to disqualify. The Court asked the MDOC to submit a chronology of events to provide the Court with further insight into whether the Rasor Law Firm was (a) aware of the conflict of interest prior to terminating representation of Swain and (b) whether it had confidential information as a result of its representation of Swain.

After reviewing the submitted chronology and exhibits, the Court finds that the motion to disqualify was improperly brought under MRPC 1.7(a), the conflict of interest rule relating to a current client, and that the motion should have been brought pursuant to MRPC 1.9(a), the conflict of interest rule applied when a former client is involved.

For the reasons that follow, the MDOC's motion to disqualify the Rasor Law Firm and its attorneys will be denied.

---

[2] Collectively "Rasor Law Firm" where appropriate.

## I.  BACKGROUND

Below is a table of dates and events relevant to the motion before the Court.

| | |
|---|---|
| 08/06/2014 | Woods meets Marko of the Rasor Law Firm and signs a contract for representation. |
| 09/18/2014 | The Rasor Law Firm, on behalf of Woods, files a state court action, Woods v. MDOC, in Wayne County Circuit Court, case # 14-012000-CD, alleging employment discrimination and intentional infliction of emotional distress. In the complaint, Woods claims that she told her then-supervisor, Swain, about alleged sexual harassment in the workplace and that Swain did nothing to protect Woods. |
| 01/05/2015 | Marko and Swain have a telephone conversation regarding potentially representing Swain in an automobile injury case. |
| 01/13/2015 | In an email to Marko regarding her automobile injury case, Swain notes her occupation as "Supervisor-MDOC." (Doc. 35, Ex. 1) |
| 01/24/2015 | The Rasor Law Firm, on behalf of Woods, files a federal claim, Woods v. MDOC, Ryan Johnson, and Monica Burton, case # 15-10324, for employment discrimination alleging the same set of general allegations as in the state court action filed in September 2014. (Doc. 1) |
| 02/24/2015 | Swain meets with Marko for a consultation on her automobile injury case. Because Swain only identifies herself as Monica Swain and not Monica Burton or Monica Swain-Burton, a conflict check fails to reveal that Woods represented by the Rasor Law Firm sued her in federal court.<br><br>[The initial consultation is the only time that Marko and Swain meet in person to discuss the automobile injury case. Swain is not aware of her involvement in any action between Woods, the Rasor Law Firm and the MDOC, either as a defendant or as a witness. (Transcript of State Court Hearing at 20-21) Marko and Swain do not discuss any confidential or proprietary information related to Woods' case during the consultation. (Doc. 31,Ex. B, Swain Deposition at 13, 16) Further, Marko does not attempt to elicit information about Woods' case. (Doc. 31, Ex. B, Swain Deposition at 14, 17)] |
| 03/05/2015 | Swain sends the Rasor Law Firm an e-mail regarding service of process in the federal case. The email indicates that Monica Burton now goes by the name Monica Swain. |
| 03/06/2015 | Swain emails Marko a detailed description of her medical treatment and Henry Ford Hospital sends her medical records to the Rasor Law Firm. |

| | |
|---|---|
| | (Doc. 35, Ex. 3) |
| 03/11/2015 | The MDOC files its witness list in the state court case listing "Monica Swain, MDOC (f/k/a Monica Burton)" as a witness. (Doc. 34, Ex. 4) |
| 03/13/2015 | Swain is personally served with a summons and complaint in the federal case as an individually named defendant. (Doc. 34, Ex. 5) |
| 03/26/2015 | Swain emails Marko and the Rasor Law Firm her medical records from Botsford Hospital for her automobile injury claim. (Doc. 35, Ex. 6) |
| 04/03/2015 | An answer is filed on behalf of "Monica Swain (Burton)" in the federal case. (Doc. 13) |
| 04/28/2015 | Swain signs authorization forms for the Rasor Law Firm to obtain her Personal Injury Protection (PIP) file, insurance files, police records, and employment records. (Doc. 35, Ex. 7) |
| 05/19/2015 | The Rasor Law Firm, on behalf of Woods, files its witness list in the state court case and includes "Monica Burton aka Monica Swain, Supervisor" as a witness. (Doc. 34, Ex. 8) |
| 06/19/2015 06/25/2015 | The Rasor Law Firm obtains authorizations from Swain for the release of her insurance and police records. (Doc. 35, Ex. 9) |
| 06/29/2015 | Marko emails Swain about scheduling an appointment with a physician in regards to her automobile injury case. In closing, Marko states, "See you next Tuesday!" referring to Swain's upcoming deposition in the federal case. (Doc. 34, Ex. 10) |
| 06/30/2015 | Marko telephones Swain regarding her automobile injury case. (Doc. 29, Ex. 1, ¶ 10) During the conversation, Marko informs Swain that he will be deposing her for the federal and state cases the following week. (Doc. 29, Ex. 1, ¶ 10) Until the phone conversation with Marko, Swain is unaware that the Rasor Law Firm is the same firm representing Woods. (Doc. 29, Ex. 1, ¶ 12)<br><br>That same day, Swain contacts her counsel at the Attorney General's Office to inquire about a possible conflict of interest. (Doc. 29, Ex. 1, ¶ 11) |
| 07/06/2015 | Assistant Attorney General Jared Warner calls the Rasor Law Firm and sends a follow up email to Marko in which he explains the conflict of interest and advises that if the conflict is not resolved, he plans to file a motion to disqualify. (Doc. 34, Ex. 11)<br><br>The MDOC files a motion to disqualify Marko and the Rasor Law Firm based on MRPC 1.7 in the federal case. (Doc. 25). |

4

|  | The Rasor Law Firm faxes to the MDOC Lawton Parole Office (Swain's employer) Human Resources a request for Swain's entire un-redacted records, specifically: payroll and tax records; employment applications; medical reports and files; insurance, benefit, and retirement records; and all correspondence. (Doc. 35, Ex. 12). |
|---|---|
| 07/07/2015 | The Rasor Law Firm sends Swain additional document release forms for Progressive Insurance. (Doc. 34, Ex. 13) |
| 07/14/2015 | The Rasor Law Firm sends a termination letter to Swain stating that the Rasor Law Firm will no longer represent her for her automobile injury case. (Transcript of State Court Hearing at 16, 49) |

## II.     STANDARD OF REVIEW

A motion to disqualify counsel is the proper method for a party to bring to the court's attention an alleged conflict of interest or breach of ethical duty by opposing counsel. DeBiasi v. Charter County of Wayne, 284 F. Supp. 2d. 760, 770 (E.D. Mich. 2003). However, "motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp., 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999), *aff'd*, 5 F. App'x 396 (6th Cir. 2001) (citation and internal quotation marks omitted). Disqualification should only be utilized when there is a "reasonable possibility that some specifically identifiable impropriety" actually occurred. Moses v. Sterling Commerce (America), Inc., 122 F. App'x 177, 183-184 (6th Cir. 2005)(*quoting* Kitchen v. Aristech Chem., 769 F. Supp. 254, 257 (S.D. Ohio 1991). Specifically, "[t]he party seeking disqualification bears the burden of demonstrating specifically how and as to what issues in the case the likelihood of a prejudice will result." Rymal v. Baergen, 262 Mich. App. 274, 319; 686 N.W.2d 241 (2004). When confronted with a motion for disqualification, the court "must be sensitive to the competing public policy interests of preserving client confidences and of permitting a

5

party to retain counsel of his choice." Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir. 1988).

The Michigan Rules of Professional Conduct (MRPC) are the proper guidelines against which to measure the appropriateness of an attorney's conduct for the purpose of determining whether he should be disqualified. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Alticor, Inc., 466 F.3d 456, 457-58 (6th Cir. 2006), *vacated on other grounds*, 472 F.3d 436 (6th Cir. 2007).

The MDOC relies on MRPC 1.7(a) to support its motion. The rule states:

> **1.7. Conflict of Interest: General Rule**. (a) [A] lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation.

MRPC 1.7 is used to address conflicts of interest between current clients.

In the case of a conflict of interest between a current client and a former client, MRPC 1.9 is applied. The rule states:

> **1.9. Conflict of Interest: Former Client.** (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the **same or a substantially related matter** in which that person's interests are **materially adverse** to the interests of the former client unless the **former client consents** after consultation.

The Sixth Circuit applies a three-part test for disqualification pursuant to MRPC 1.9: (1) a past attorney-client relationship; (2) the subject matter of the prior attorney-client relationship is substantially related to the subject matter of the present action; and (3) the attorney acquired confidential information from the party seeking disqualification. Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 889 (1990).

### III. DISCUSSION

#### A. Application of MRPC 1.9(a)

The MDOC says that the Rasor Law Firm violated MRPC 1.7(a) because at the time the MDOC filed its motion to disqualify, the Rasor Law Firm represented both Swain in her automobile negligence claim as well as Woods in her case against the MDOC. However, the Rasor Law Firm no longer represents Swain. As such, an analysis for a conflict of interest between current clients under MRPC 1.7(a) is no longer proper. Instead, the proper analysis to determine disqualification is for a conflict of interest between a current and a former client. As such, the Court will decide this motion based on MRPC 1.9(a).

#### 1. Past Attorney-Client Relationship

In this case, it is undisputed that a very recent past attorney-client relationship existed between Swain and the Rasor Law Firm. The Rasor Law Firm acknowledges that Marko, one of the firm's attorneys, had a consultation with Swain regarding her automobile negligence case. Further, it has been established that Swain signed several authorization forms permitting the release of her personal medical history and insurance coverage to the Rasor Law Firm. However, it is noted that the Rasor Law Firm never filed a case on Swain's behalf for the automobile injury claim.

#### 2. Substantially Related Subject Matter

With regard to the second factor, the subject matter of the prior attorney-client relationship is not substantially related to the subject matter of the complaint in this case.

The MDOC says that the automobile injury action and the employment discrimination action are substantially related because the Rasor Law Firm can use the medical information it obtained for the automobile injury case to its advantage in the case against the MDOC. However, the MDOC fails to explain how Swain's medical records in reality are related to proving employment discrimination. As noted by the state court, the MDOC's motion "is not going to rise or fall based on the medical records unless you show me why and how. But it doesn't, on its face, appear to be that way." (Transcript of State Court Hearing at 33).

In addition, the MDOC says that because many of the issues in this case will come down to credibility determinations by the jury, the Rasor Law Firm will be unable to zealously represent Woods because it will be required to attack the credibility of the MDOC employees, including Swain. According to the MDOC, the Rasor Law Firm could not maintain the duty of loyalty it owed Swain by virtue of its representation of her in her own civil suit while simultaneously attacking her credibility and arguing that she failed to do her job in the interim. This argument lacks merit because the Rasor Law Firm no longer represents Swain and, therefore, it can represent Woods without concern for a duty of loyalty to Swain.

Further, the MDOC says that the dual representation gave the Rasor Law Firm the opportunity to speak with Swain without the presence of either the MDOC's or Woods' counsel. Accordingly, there is no way to know with certainty what was discussed between them. Such access is in conflict with the goal of the MRCP which is to protect the attorney-client relationship. However, this concern is unwarranted for two reasons. First, Swain stated repeatedly during her deposition that she and Marko had

not discussed any aspect of Woods' case while he represented her. (Doc. 31, Ex. B, Swain Deposition at 13, 14, 16, 17, 18) Second, the Rasor Law Firm no longer represents Swain, so there will be no future opportunities for private communications between any members of the Rasor Law Firm and Swain.

In sum, while both the automobile injury action and the employment discrimination action involve Swain, the "alleged wrongs are totally different and remote in time." Quicken Loans v. Jolly, 2008 WL 2566373, *4 (E.D. Mich. June 24, 2008). The wrongdoing implicit in the automobile injury case involved Swain alone while the alleged wrongs in the current case involve the MDOC as a whole as well as Johnson, the third defendant in the case. There is no showing that anything the Rasor Law Firm learned in representing Swain in the automobile negligence action could give an advantage in representing Woods in this case. "This total lack of overlapping facts demonstrates the simple fact that the two cases are not substantially similar within the meaning of Rule 1.9." Id.

### 3. Confidential Information

With regard to the third factor, the Court finds that the Rasor Law Firm did not obtain confidential information during the course of its representation.

The MDOC points to the fact that the Rasor Law Firm is in possession of Swain's medical records as reason to disqualify the firm. However, the MDOC failed to establish how the Swain's personal medical records will be related to or detrimental to the employment discrimination case before the Court. Disqualification is inappropriate when counsel has only obtained general knowledge of the prior client. Int'l Paper Co. v. Lloyd Mfg, Co., 555 F. Supp. 125, 136 (N.D. Ill. 1982).

9

Further, the MDOC says that the Rasor Law Firm is in possession of Swain's personal employment records which would prove to be prejudicial to the MDOC in the case before the Court. However, while the MDOC established that the Rasor Law Firm requested Swain's employment records and Swain signed the required authorization forms in order for the files to be released, the MDOC failed to establish that the Rasor Law Firm actually received the employment records. The mere request without the receipt of the actual records does not establish a basis to assert that the Rasor Law Firm has Swain's confidential employment records.

Even if the Court finds that the Rasor Law Firm is in possession of confidential material in the form of Swain's personal medical records, the remaining two Dana factors are not satisfied. Furthermore, because the disqualification remedy is viewed with caution due to the fact that it can involve substantial costs, delays and other hardships, "even if a violation is found, the Court may choose a remedy other than disqualification." Quicken Loans v. Jolly, 2008 WL 2566373, *3 (E.D. Mich. June 24, 2008).[3]

### B. Candor

The MDOC states that the Rasor Law Firm should have been, and in fact was, aware of the conflict in representation prior to receiving the motion to disqualify on July 6, 2015. The MDOC bases this assertion on the following facts:

---

[3] The Court assumes that upon termination of its representation of Swain, the Rasor Law Firm either returned Swain's medical records to her or destroyed them. Accordingly, the Rasor Law Firm is directed to file with the Court a statement within 10 days declaring that it is no longer in possession of Swain's medical records because it either returned the records to Swain or destroyed them.

10

- On January 13, 2015, in an email to Marko regarding her automobile injury case, Swain included her occupation as "Supervisor-MDOC." (Doc. 35, Ex. 1);

- On March 5, 2015, Swain sent the Rasor Law Firm an e-mail regarding service of process in the federal case. The email indicates that Monica Burton now goes by the name Monica Swain;

- On March 11, 2015, the MDOC filed its witness list in the state court case listing "Monica Swain, the MDOC (f/k/a Monica Burton)" as a witness (Doc. 34, Ex. 4);

- Medical records obtained in March 2015 by the Rasor Law Firm contain reference to both Monica Swain and Monica Burton;

- On April 3, 2015, Swain's name was written as "Monica Swain (Burton)" in her answer to the complaint in the federal case;

- On May 19, 2015, the Rasor Law Firm included "Monica Burton aka Monica Swain, Supervisor" in Woods' witness list for the state court case;

- On May 27, 2015, during her deposition, Woods was asked about her supervisor, who she identified as Monica Burton. Counsel clarified that Monica Burton now goes by Monica Swain no less than four times during the deposition. Marko was present at the deposition;

- On July 30, 2015, Marko called Swain regarding her automobile injury case and advised her that he would be deposing her in the federal and state case the following week.

It is difficult to believe that the Rasor Law Firm "had no idea that there was any possible conflict" in light of the facts presented. MRPC 3.3 requires that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." MRPC 3.3(a)(1). According to the facts before the Court, the Rasor Law Firm was aware of, or in the very least should have been aware of, the dual representation prior to receiving the motion to disqualify. The Rasor Law Firm's assertions to the contrary are dubious at best.

The Sixth Circuit has acknowledged that courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." In re Smothers, 322 F.3d 438, 442 (6th Cir. 2003)(internal citations omitted). In Smothers, the court suggested penalties, other than criminal contempt, that may more appropriately fit conduct of attorneys that falls below the expected standards of members of the bar. For example, the court suggested a lecture from the court regarding the offending behavior, recommending to the appropriate bar association that the attorney be subject to disciplinary action such as a public reprimand, and public disciplinary postings on a page associated with the court's website listing the attorney's name, details of the misconduct, and the court's disapproval. Further, sanctions of attorney fees and/or costs are available and within in the discretionary power of the trial court. Jones v. Continental Corp., 789 F.2d 1225, 1228-29 (6th Cir. 1986).

Nevertheless, the Rasor Law Firm's failure to identify – or complete disregard of – the conflict of interest does not on its own satisfy the requirements for disqualification.

As noted above, the factors outlined under MRPC 1.9(a) fall in the Rasor Law Firm's favor. Further, disqualification of the Rasor Law Firm would place an unduly heavy burden on Woods because disqualification would require her to find new representation for the federal case but not the state case.[4]

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to disqualify is DENIED.

s/Avern Cohn

AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2015

Detroit, Michigan

---

[4] Consideration for appropriate penalty will be deferred until the conclusion of the case.

13