UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHANNON WOODS,

    Plaintiff,

vs.                                                                  Case No. 15-10324

MICHIGAN DEPARTMENT OF                  HON. AVERN COHN
CORRECTIONS, RYAN JOHNSON,
and MONICA BURTON,

    Defendants.
_____/

## ORDER DENYING MOTION TO RESOLVE ATTORNEY LIEN (Doc. 69)[1]

I.

This is an employment discrimination case under Title VII, 42 U.S.C. §2000e and 42 U.S.C. §§1981 and 1983. Plaintiff Shannon Woods (Woods) sued the Michigan Department of Corrections (MDOC) and two of its employees, Ryan Johnson (Johnson) and Monica Burton (now Monica Swain), alleging she was subjected to sex discrimination and a hostile work environment. Woods filed two complaints based on the alleged discrimination, one in state and one in federal court. The only difference between the federal and state complaints is that Woods is suing the MDOC as well as Johnson and Swain in federal court while the MDOC is the sole defendant in state court. The state court case was filed on September 18, 2014. The federal case was filed later, on January 24, 2015.

---

      [1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

When the federal case was filed, Woods was represented by the Rasor Law Firm (Rasor) and attorney Jonathan Marko (Marko). On December 15, 2015, about 11 months after the federal case was filed, Marko left Rasor and began working with attorney Kevin Ernst, forming Ernst & Marko Law, PLC (EML). Woods continued representation with Marko and EML. Rasor then filed an Attorney Lien, claiming a lien on any monies received by Woods. (Doc. 40).

Before the Court is EML's Motion to Resolve Attorney Lien, seeking a ruling that the Rasor lien be dismissed due to fraudulent billing or that it is entitled to no more than "a fraction" of the loadstar amount. For the reasons that follow, the motion will be denied. As will be explained, the issue of the Rasor lien is currently pending in state court. The Court, in the interests of comity at a minimum, simply declines to resolve the Rasor lien.

II.

A.

Judge Patricia Fresard presided over the state court case. It is undisputed that the case was litigated vigorously in state court, including an interlocutory appeal by the MDOC to the court of appeals.

In 2016, while the state court case was pending on appeal, Woods filed a motion to stay this case pending resolution of the state case. (Doc. 63). The MDOC did not oppose a stay. (Doc. 64). The Court granted the motion, stayed and administratively closed the case. (Doc. 65). At the time of the stay, defendants' motion for summary judgment was pending. (Doc. 48). The Court terminated the motion in light of the stay. (Doc. 66).

The parties settled both cases in early October of 2018 for $1,100,000.00.

B.

After the settlement, in early 2019, defendants filed a motion to dismiss the federal case based on the settlement agreement. (Doc. 67). The Court then entered a stipulated order dismissing the case. The dismissal noted that "the Court has yet to rule on the former attorney Rasor Law Firm's lien which is pending before this Court." (Doc. 68).

C.

Rasor and EML agree that the primary litigation was in state court. The work in federal court paled by comparison. Prior to issuance of the stay, the only motion which required a ruling by the Court was the MDOC's motion to disqualify Rasor which the Court ultimately denied.

III.

Weeks after the case was settled, on October 25, 2018, EML filed a motion to resolve the Rasor lien in state court before Judge Fresard. Judge Fresard subsequently recused herself from the attorney fee dispute and the motion was reassigned to Judge Craig Strong.

EML, upset that the motion was reassigned and with the fact that Judge Strong has yet to rule on the motion and is not familiar with the underlying dispute, filed the instant motion which is likely identical to the motion in state court on February 1, 2019 - almost 4 months after the motion was filed in state court. Now EML says that this Court, not the state court, should be the one to adjudicate the attorney fee dispute.

IV.

EML's motion must be denied. First, while EML argues that the Court has "ancillary jurisdiction" to consider the motion, this argument falls flat in light of the fact that EML first invoked the jurisdiction of the state court to decide the attorney fee dispute. Putting aside any other jurisdictional or abstention arguments, at the end of the day EML wants the Court usurp the state court's adjudication of the motion simply because EML is not happy that Judge Fresard recused herself and because Judge Strong has not moved quickly enough to resolve the motion. There is simply no authority for the Court to take the action EML desires. Moreover, the state court is well equipped to handle the attorney fee dispute, including accounting for the limited work which was done in this case by the Rasor firm before Woods decided to retain Marko and EML as her counsel.

The motion is DENIED.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT COURT

Dated: 4/5/2019
      Detroit, Michigan